STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

NOTE: CHANGES MADE BY THE COURT

*Attorneys for Plaintiff 1LSS Inc.*

J.C. Rozendaal (*pro hac vice*)
jcrozendaal@sternekessler.com
Anna G. Phillips (SBN 275070)
aphillips@sternekessler.com
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600

Kenneth G. Parker (SBN 182911)
*Ken.parker@haynesboone.com*
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1LSS INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 2:24-cv-08769 SRM–JPR<br>Hon. Serena R. Murillo<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff 1LSS Inc. ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.    <u>PURPOSES AND LIMITATIONS</u>

1.1    Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for prosecuting, defending, or attempting to settle this litigation and shall not be used directly or indirectly for any other purpose whatsoever.

1.2    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).

1.3    The Parties agree that good cause exists to seal Protected Material pursuant to Local Rule 79-5.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: any information or material that contains or reflects confidential, proprietary, and/or commercially sensitive information. Such information or items may include, without limitation, sales and marketing information, technical information, personal identifying information, medical or insurance information, or other information that is private under applicable laws or regulations.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this matter.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: any information or material that contains or reflects extremely sensitive information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party that cannot be ameliorated by any less restrictive means.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this litigation but appear on the pleadings as counsel for a Party in this action on

behalf of that Party, including partners, associates, and staff of such counsel, to whom it is reasonably necessary to disclose the information for this litigation.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Patent-in-suit: U.S. Patent No. 11,864,641 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

2.13    Producing Party: any Party or Non-Party that discloses or produces any Discovery Material in this action.

2.14    Protected Material: any Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.15    Receiving Party: any Party that receives Discovery Material from a Producing Party.

3.    COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 unless the Court otherwise directs.

4.    SCOPE

4.1    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4.2    The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.3    Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

4.4    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4.5    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    <u>DURATION</u>

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. For the purposes of this order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

6.    DESIGNATING PROTECTED MATERIAL

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection

under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

6.2    <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as defined in Section 2: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

6.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.3(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a)    <u>Written Discovery and Documents and Tangible Things.</u> Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section 6.2 may be so designated by    affixing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of the written material that contains protected material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and mark the medium, container, and/or communication in which the digital files were contained.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection

and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    <u>Depositions and Testimony.</u> Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape

contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)     <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section 12, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the

image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

7.    <u>INADVERTENT FAILURES TO DESIGNATE</u>

7.1    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

7.2    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Section 7.3 below) at the appropriately designated level pursuant to the terms of this Order.

7.3    Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who

reviewed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Section 9.3 below.

8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1    Timing of Challenges. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made and a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2    Procedure of Challenge. The Challenging Party shall initiate a challenge to a designation of Discovery material under this Order by providing written notice to outside counsel for the Producing Party of each designation it is challenging. The written notice shall particularly identify the documents or information that the Challenging Party contends should be differently designated, and shall state the grounds for the objection. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice in compliance with Local Rule 37.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. The Challenging Party shall have the burden of conferring either in person or by telephone with the Designating Party claiming protection (as well as any other interested part) in a good faith effort to resolve the

1    dispute. The Designating Party shall have the burden of justifying the disputed
2    designation.

3         8.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without
4    court intervention, the Challenging Party may bring a motion to the Court in
5    compliance with Local Rule 37 for a ruling that the Discovery Material in question is
6    not entitled to the status and protection of the Designating Party's designation. The
7    Parties' entry into this Order shall not preclude or prejudice either Party from arguing
8    for or against any designation, establish any presumption that a particular designation
9    is valid, or alter the burden of proof that would otherwise apply in a dispute over
10    discovery or disclosure of information.

11         8.4    Notwithstanding any challenge to a designation, the Discovery Material
12    in question shall continue to be treated as designated under this Order until one of the
13    following occurs: (a) the Designating Party withdraws such designation in writing; or
14    (b) the Court rules that the Discovery Material in question is not entitled to the
15    designation.

16    9.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

17         9.1    <u>Basic Principles</u>. All Protected Material shall be used solely for this case
18    or any related appellate proceeding, and not for any other purpose whatsoever,
19    including without limitation any other litigation, patent prosecution or acquisition,
20    patent reexamination or reissue proceedings, or any business or competitive purpose
21    or function. For example, a Receiving Party may use Protected Material that is
22    disclosed or produced by another Party or by a Non-Party in connection with this case
23    only for prosecuting, defending, or attempting to settle this litigation or any related
24    appellate proceeding. Such Protected Material may be disclosed only to the categories
25    of persons and under the conditions described in this Order. When the litigation has
26    been terminated, a Receiving Party must comply with the provisions of Section 20
27    below (FINAL DISPOSITION).

28

9.2    <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

9.3    <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of (1) magnetic arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of (1) magnetic arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals. For clarity and the avoidance of doubt, this patent prosecution bar shall not

be deemed to preclude Outside Counsel who have received Producing Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information from participating directly or indirectly in post grant proceedings (*e.g.,* post grant reviews and *inter partes* reviews) relating to the patent-in-suit, or of any patent that claims priority, in whole or part, to the patent-in-suit, provided that such persons do not draft or amend patent claims or specifications or assist with, or supervise such activities.

9.4    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

9.5    <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a Non-Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

10.    <u>DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS</u>

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(b)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, House

Counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (i) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(c)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(d)    The Court, jury, and court personnel;

(e)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(f)    Graphics, translation, design, and/or professional jury or trial consultants, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(g)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(h)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement (except for judicial officers) to maintain confidentiality to the same degree as required by this Protective Order; and

(i)    Any other person with the prior written consent of the Designating Party.

11.    DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" AND INFORMATION OR ITEMS

11.1    The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

11.2    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(b)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel*

*v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below;

(c)    The Court, jury, and court personnel;

(d)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(e)    Graphics, translation, design, and/or professional jury or trial consultants, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(f)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(g)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement (except for judicial officers) to maintain confidentiality to the same degree as required by this Protective Order ; and

(h)    Any other person with the prior written consent of the Designating Party.

12.    NOTICE OF DISCLOSURE

12.1    Prior to disclosing any Protected Material to any person described in Sections 10.2(b), 10.2(c), or 11.2(b) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)　an up-to-date curriculum vitae of the Person;

(iii)　the present employer and title of the Person;

(iv)　an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of (1) magnetic arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging, or relating to the acquisition of intellectual property assets relating to (1) magnetic arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging;

(v)　an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)　a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of (1) magnetic

arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging, or the acquisition of intellectual property assets relating to (1) magnetic arrangements for coupling devices, including accessories to mobile phones or tablets, and (2) magnetic arrangements in relation to charging coils or inductive charging.

12.2    Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

12.3    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

12.4    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

12.5    An initial failure to object to a Person under this Section 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via

telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.    DATA SECURITY

13.1    Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the then-current versions of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement multi-factor authentication[1]

---

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, *available at* https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; *see also* NIST, Special Publication 800-53, at 132, *available at* https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

for any access to Protected Materials and implement encryption of all Protected Materials (i) in transit outside of network(s) covered by the Party's ISMS (except as necessary to submit documents to the court in accordance with Section 14 below) and (ii) at rest where reasonably practical.

13.2    If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

13.3    Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

13.4    If Receiving Party is aware of a Data Breach, the Parties shall meet and

confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

13.5   In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within 10 business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

13.6   Receiving Party shall comply with this Section 13 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section 13, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order it may promptly bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

14.   <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel (unless prohibited by law from doing so and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

16. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing to Outside Counsel of Record for the Designating Party of the unauthorized disclosures, and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

17. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

17.1 Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding if the District Judge so orders. For example, the mere production

of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

17.2    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

17.3    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.    <u>DISCOVERY FROM EXPERTS OR CONSULTANTS</u>

18.1    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable unless the Court so orders.

18.2    Reports and materials exempt from discovery under Section 18.1 shall be treated as attorney work product for the purposes of this case and Protective Order.

19.    MISCELLANEOUS

19.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

19.2    Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

19.3    Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control to the extent allowed by law.

19.4    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

19.5    Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

19.6    <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Central District of California, is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California unless Federal Rule of Civil Procedure 45 requires that the "Court where compliance is required" decides the matter.

19.7    <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders.

19.8    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and the Court's applicable Standing Orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. The Parties agree that good cause exists to seal Protected Materials pursuant to Local Rule 79-5.

20.    <u>FINAL DISPOSITION</u>

Within 90 days after the Final Disposition of this action, as defined in Section 5, each Receiving Party must return all Discovery Material of a Producing Party to the respective Outside Counsel of Record of the Producing Party or destroy such

material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain one set of pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, and attorney and consultant work product (but not document productions) for archival purposes. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

[PROPOSED] STIPULATED PROTECTIVE ORDER          CASE NO. 2:24-cv-08769 SRM-JPR

1    IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

2    DATED:  August 18, 2025    STANLEY M. GIBSON

3    GREGORY S. CORDREY
     JEFFER MANGELS BUTLER & MITCHELL LLP

4

5

6                             By:        */s/ Gregory S. Cordrey*

7                                      GREGORY S. CORDREY
                                   Attorneys for Plaintiff 1LSS Inc.

8

9    DATED: August 18, 2025    KENNETH G. PARKER
                               HAYNES AND BOONE, LLP

10

11

12                            By:        */s/ Kenneth G. Parker*

13                                     KENNETH G. PARKER
                                   Attorneys for Defendant Apple Inc.

14

15

16   **SO ORDERED**.

17

18   DATED: 8/21/2025

19                             Hon. Jean P. Rosenbluth
                               United States Magistrate Judge

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order in the case of *1LSS Inc., v. Apple Inc.,* Case No. 2:24-cv-08769 SRM – JPR. I agree to comply with and to be bound by all the term of tis Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceeding occur after termination of this action.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]